## PAYNE AND PAYNE v. PADDOCK AND PADDOCK.

Where complainants had agreed to allow defendants to draw water for running a mill from a certain lake, the outlet of which flowed through complainants' lands, and had suffered them to go on and construct a mill and race at an expense of three thousand dollars, before informing them they did not intend to abide by their promise, an injunction which had been granted to restrain the taking of the water of the lake for the mill, was dissolved.

MOTION to dissolve injunction on bill and answer. The facts necessary to understand the case are set forth in the opinion of the Court.

*M. L. Drake and O. D. Richardson,* in support of the motion.

For all the purposes of this motion, the answer must be taken to be true. The complainants stood by, saw the defendants making their mill, race, &c. and encouraged them in so doing, by their promises to release the right to use the water, and to aid them by donations in making the improvements, and by actually helping to raise the mill; and never objected until about the time the works were completed. Then, after having led the defendants on to make these large outlays, and about the time the mill was to be put into operation, the complainants object, and demand $500 for the right to use the water. These facts show there is no equity in the bill; and they bring the case within the principle of *Eldred* v. *Mack, Harr. Ch. R.* 164. See also the case of *Roberts* v. *Anderson,* 2 *J. C. R.* 204.

This is a case where the Court would decree a specific performance in favor of the defendants, that the complainants should give them a release; defendants having taken

all the possession of which the subject matter was capable, made large expenditures, put up a good mill, &c. the complainants looking on, and assisting. The refusal to perform under these circumstances is a *fraud* upon the defendants, and in such cases the Court will decree a specific performance. *Story Eq. Pl.* 594; *Coop. Eq. Pl.* 257; 9 *Ves. R.* 516; 2 *Ves. & B. R.* 259; 1 *Madd. Ch.* 299; *Morris* v. *Knickerbacker*, 5 *Wend. R.* 638. And, where such performance would be decreed, an injunction will be dissolved.

If complainants have any remedy, it is at law, for damages, and fully adequate.

*S. M. Green*, contra.

THE CHANCELLOR. The injunction must be dissolved. Before defendants commenced erecting their mill, they asked the privilege of taking the water from Strait's lake; which complainants promised to let them have, as they considered the building of the mill would be worth more to them than their right to the water of the lake. On this understanding defendants commenced erecting their mill and digging the race; and, after they had expended some three thousand dollars, and had nearly completed their works, they received a written notice from complainants forbidding their taking the water from the lake, by means of their race, and thereby diverting it from the outlet of the lake. The three thousand dollars expended must be a total loss to defendants, if the injunction is permitted to stand, unless they can purchase the right to the water of complainants, through whose land the outlet of the lake passes. If they had placed themselves in this situation through ignorance of their own rights, or a disregard of the rights of others, however great their loss, they would have no one to blame but themselves. But, while a court

of equity will freely give its aid to protect an individual in the full enjoyment of his own rights, against the aggressions of another, it will not knowingly assist him in taking an undue advantage of another.    Hence the equitable maxim, he who seeks equity must do equity.    Complainants permitted defendants to go on upon the understanding had between them, and expend this large sum of money, and then forbade their taking the water from the lake, and applied to this Court for an injunction to restrain them.    From the first of January to the eighteenth of June, when they gave the written notice, they knew defendants were going forward with the erection of their mill, and, for that purpose, expending large sums of money.    They resided in the immediate vicinity of it, and saw the work progress from day to day, and were present and assisted in raising the frame of the mill on the twenty-fifth of May, without notifying defendants they did not consider themselves bound by the promise they had made, and of their intention to disregard it.

These facts are stated in the answer, and are not, all of them, strictly responsive to the bill, and defendants will be required to prove them at the hearing; yet, I think, under the circumstances of the case, the injunction should be dissolved.    Had an order to show cause against the allowance of the injunction been granted, and the defendants appeared, and showed for cause the facts stated in their answer, the injunction would not have been allowed. In *Jacox* v. *Clark, ante* 249, a case resembling the present in several particulars, the injunction was dissolved under somewhat similar circumstances.

Injunction dissolved.